## JONES *vs.* GRAHAM.

1. Previous to the passage of the act of March 6, 1848, (Pamphlet Acts 1847-8, 121,) the physician of the penitentiary could only be removed by the inspectors, and the lessee could not avoid his liability to pay the physician's salary, by refusing to admit him into the hospital; during the physician's continuance in office, he had the right to demand and recover of the lessee a fourth part of his salary, at the end of every three months' service, notwithstanding the latter hindered him from the discharge of his official duties.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. GEORGE GOLDTHWAITE.

The plaintiff in error brought ASSUMPSIT against the defendant, to recover five hundred dollars per annum for two year's services as physician of the penitentiary, the defendant being lessee of that institution during the whole period for which the plaintiff was elected physician.

The declaration contains three counts, two of them special, and the third, general *indebitatus assumpsit.* The defendant demurred, but the demurrer was overruled, and the parties went to trial on the general issue, when there was a verdict for the defendant.

The first count in the declaration sets out, that the defendant was lessee of the penitentiary in February, 1848; that a vacancy existed in the office of physician, and defendant failed to fill it within three days after it occurred; that after three days the inspectors of the penitentiary proceeded to fill it by appointing the plaintiff, who accepted the office, of which the defendant had notice; that he entered upon and discharged the duties of said office for a long time, to-wit: for the space of                ; that he has been ever ready, since his appointment, to perform all the duties of his office, and attended at the penitentiary, and offered to fulfil and perform said duties. It is further averred, that the defendant would not permit or suffer the plaintiff to perform said duties, or any part thereof, but hindered and prevented him from so doing; and has continued to prevent and hinder him for the space of two years, during all which period plaintiff was ready and willing to perform his duties as physician, and was not removed from his office. " By means whereof the said defendant became liable to pay the said plaintiff the sum of one thousand dollars, and being so liable in consideration thereof," &c., concluding with the usual *super se assumpsit.*

The second count sets out the appointment of the plaintiff to the office of physician of the penitentiary, the lesseeship of the defendant, and the hindrance interposed by defendant to the discharge of the duties of physician by plaintiff, precisely as these facts are set out in the first count, and differs from that count only in this: that it avers his office continued for one year and a half; that the salary is $500 per annum, payable in instalments of $125 at the end of every three months during the time.

The third count is general *indebitatus assumpsit* for work and labor done, &c.

On the trial, as appears by the bill of exceptions, the plaintiff proved his appointment to office on the 7th of February, 1848, as it was laid in the declaration; that the defendant was lessee at that time, and continued such until the institution of this suit; that the plaintiff accepted the appointment, and proceeded to fulfil and discharge the duties of said office, and did discharge them with skill and diligence, and did so discharge them until the 18th of February, 1848, when, on presenting himself at the penitentiary and asking admittance into the hospital, it was refused him by the lessee, and plaintiff was thus hindered from performing his duties, and was so hindered by the defendant up to the 20th of August, 1849; that plaintiff held himself ready to discharge the duties of his appointment from the time it was made for the term of two years, but was prevented by defendant from doing so; that he had never been removed from office, either by the inspectors of the penitentiary, the General Assembly of the State, or the Governor, and that he was regularly licensed as a physician.

The court charged the jury that the plaintiff, upon this evidence, was not entitled to recover; to which the plaintiff excepted, and the charge is here assigned for error.

ELMORE & YANCEY, for plaintiff in error:

1. On the facts set forth in the declaration the law created the whole contract between the parties and implied every promise on the part of either, and it was unnecessary to state that which the law implied. The plaintiff proved every allegation in the special counts, and was entitled to a recovery. Clay's Digest, 396–7, §§ 1, 3, 5 8; Chitty's Pleading, 302, 305, 313, 316, 317, 332; 2 Porter, 542; 7 Cranch, 408; 2 Har. & Gill., 183.

2. If the facts proved did not authorize a recovery, it was because the facts alleged in the declaration were insufficient. But the defendant could not take advantage of this defect by a charge to the jury. He must demur or move in arrest of judgment.

3. Assumpsit was the proper remedy. The law created

the contract and implied the mutual undertakings, and the plaintiff is not restricted to any other particular remedy. 1 Chitty, 106; Bear Camp River Co. v. Taylor, 6 N. Hamp., 499; Andover & Medford, T. Co., v. Gould, 6 Mass., 40; Chesley v. Smith, 1 N. Hamp., 20; Paulett v. Sandgate, 19 Vermt., 629; Brookshire v. Westminster, 4 Vermt., 224; Peck v. Wood, 5 D. & East, 130.

4. It is sufficient to state the facts which the statute renders necessary to create the liability, and thereupon the assumpsit is implied. When the plaintiff shows a legal right, this implication is greatly favored. Danville v. Putney, 6 Vermt., 512; Bell v. Burrow, Bul. N. P., 129; Rann v. Green, Cowper, 474; Simpson v. Johnson, (note 2,) Douglass, 10; Westmoreland v. Davis, 1 Ala., 301; 2 Starkie on Ev., 101, 109; Miller v. Creyon, 2 Brevard, 108.

5. If one is employed for a certain period and for a certain sum, and is discharged without good cause before the termination of his employment, he may sue forthwith and recover the damages developed up to the time of trial. Sprague v. Morgan, 7 Ala., 952; Davis v. Ayres, 9 Ala., 292; Martin v. Everett, 11 Ala., 375; Ramey v. Holcombe, decided June term, 1852.

6. The plaintiff is not restricted to a suit on the bond. This is a collateral security only, as attachment bonds, sheriff's bonds, &c. The right of action is not merged in the bond therefore. 1 Chitty.

7. Debt could not be maintained, because that is for a sum of money *eo nomine et in numero*. The breach of the contract is the injury complained, and damages are sought for this injury.

8. Case might be maintained, but only for the same reason that assumpsit can, to-wit: in the one case the law creates the obligation or duty, and the breach of that duty is the injury. In the other, the law on the same state of facts creates the promise, and the breach of the promise is the injury complained of. Chitty, 135, 144.

9. On an award to do any act, except to pay money, assumpsit only can be maintained, unless there was a submission by bond. When there is a deed between husband and trustee, that the husband shall pay an allowance for the wife,

Jones v. Graham.

and the trustee furnishes her with necessaries, he may sue the husband in assumpsit on the common law obligation, and need not resort to the covenants in the deed. 1 Chitty, (and cases in note q,) 103 ; 1 Chitty, (and cases in note b,) 104; 1 Chitty, (and cases in notes 1 and m,) 109.

10. The plaintiff, at all events, was entitled to recover his first quarterly salary, as on instalments. Davis v. Preston, 6 Ala., 83 ; 1 Chitty, 102.

WHITE & PARSONS, for defendant in error:

1. There is no express promise proven, and we insist that the law does not imply one from the facts in evidence ; and the action of assumpsit cannot be maintained, except upon a promise, express or implied. Charleston v. Stacy, 10 Vermt., 563 ; 1 Chitty's Pleading, 137; McMillan v. Eastman, 4 Mass., 378 ; 2 East, 505 ; Law Lib., Vol. 19, page 53 and notes.

2. This is a breach of duty, and the only remedy is in case, unless the suit be on the bond. 17 Ala., 51 ; Wilkerson v. Mosley, 18 Ala., 290. Assumpsit cannot, in general, be supported when there has been an express contract under seal; such, for instance, as the bond required of the lessee. 14 Mass., 95; Chitty's Pl., Vol. 1, page on the margin 103; 4 Cranch, 239.

3. The lessee is required to give bond and security in $25,000, "payable to the State of Alabama." Acts 1846, 12, § 10; and by the eighth section of the same act "the lessee shall defray all the expenses, (including the pay of the physician,) and he and his securities on the bond shall be responsible, and the bond may be sued on at the instance of any person interested. Suppose a sheriff should fail to make the money on an execution, would he be liable in an action of assumpsit? If he would not, upon what principle can the defendant be in this case ?

Where there is an express promise to A, will the law raise an implied promise, from the same facts, to B, to discharge the same debt or duty ?

LIGON, J.—The only question presented on the record for our consideration arises on the charge of the court below, and

is this, does the proof set out in the bill of exceptions authorize a recovery?

There can be but little doubt that it does. Not, indeed, for the full amount claimed in the declaration, but to some extent, which the jury alone could ascertain from the proof. The plaintiff proved that he was regularly appointed physician to the penitentiary on the 7th February, 1848, and that he regularly discharged the duties of his office until the 18th day of that month, when the defendant hindered him from further performance by refusing him admittance into the hospital; that he continued afterwards ready to perform such duties, and offered to do so, but was still hindered by defendant, who was lessee of the penitentiary. He further proved that he had never been removed from office, either by the inspectors, the General Assembly, or the Governor.

The rights and duties of the physician and lessee of the penitentiary, at the time of the appointment of the plaintiff to the former office, were, in one respect, essentially different from what they were at the commencement of this suit. By the law, as it then stood, the physician was to be appointed by the lessee, with the advice and consent of the inspectors; and if, on the happening of a vacancy, the lessee failed to fill it in three days, it became the duty of the inspectors to do so the fourth; and to the inspectors alone was given the power of removal, which might be exercised when it was ascertained that the appointee was incompetent, or had neglected his duty. Sess. Acts 1847–8, 126. Under this act, the plaintiff was appointed to office by the inspectors. The salary of the physician was fixed by law at $500, payable quarter yearly. Clay's Dig., 397, § 6. And the lessee was required to pay it. Sess. Acts, 1845–6, 11, § 8.

The law imposes the duty on the lessee to pay to the physician a stipulated amount, at set times; and when the plaintiff was duly appointed to office on the 7th February, 1848, he had the right to demand and recover of the defendant a fourth part of his salary at the end of every three months' service during his continuance in office, and proportionably for a shorter period, if not removed from office; and this, notwithstanding the defendant hindered him from the discharge of his official duties.

At the time the plaintiff was appointed, the defendant had no power to remove him. The latter could not avoid his liability to pay the salary of the former, by refusing to admit him into the hospital. So long as the plaintiff remained in office, untouched by those who had the legal power to remove him, he was entitled to his salary, and had the right to recover it of the defendant, so soon as it was due under the statute. No express promise to pay it, on the part of the defendant, is necessary, to render the plaintiff's right of action complete, and consequently there was no necessity to prove one on the trial. The law creates the liability of the defendant, and implies a promise to pay the plaintiff his salary as physician.

Thus stood the law regulating the rights and liabilities of the parties to this record, until the 6th of March, 1848. On that day the Governor approved an act passed by the General Assembly, giving the lessee the power to remove the physician of the penitentiary from office. Sess. Acts, 1847–8, 121, § 1. How far this act will affect the rights of the plaintiff, who had been appointed to office before its passage, or what act on the part of the lessee, if any, would amount to a removal from office, we do not now decide, as these questions were not discussed before us; but it is certain, that a refusal by the lessee to admit the plaintiff into the hospital on the 18th February, 1848, the time it was proved to have happened, could not have that effect, because, at that date, the lessee did not possess the power of removal. The question of the time when the removal took place, if at all, should have been left to the jury, as well as the sum due the plaintiff at the time of such removal.

In the aspect in which this case is presented by the assignment of errors, we are relieved from all inquiry as to the form of action. Legitimately we can only examine the charge of the court in reference to the proof set out in the bill of exceptions, as this alone is assigned for error. This we hold to be erroneous.

Let the judgment be reversed, and the cause remanded.